**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA BETHUNE,<br><br>                Plaintiff,<br><br>      v.<br><br>INTERSTATE WASTE SERVICES, INC.,<br><br>                Defendant. | Civil Action No. 24-10428 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Interstate Waste Services, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 8) the Second Cause of Action of Plaintiff Lisa Bethune's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 9), and Defendant replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I.    BACKGROUND**[1]

    **A.    Factual Background**

    On or about May 17, 2021, Plaintiff, an African American woman, began her employment as a maintenance administrator at Solterra Recycling Solutions, which was acquired by Defendant on or about June 15, 2022. (Compl. ¶¶ 10-11, ECF No. 1.) Plaintiff reported harassment and discrimination from July 2022 to September 2022 to Michael Alexander ("Alexander"),

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Defendant's Human Resources Officer. (*Id.* ¶ 11.) Specifically, she reported that Robert Bryson ("Bryson"), Site Manager for Defendant's Ewing operations, accused her of stealing company property. (*Id.* ¶ 11(a).) As a result, Bill Falletta ("Falletta"), Defendant's Safety Manager, conducted an investigation. (*Id.*) Plaintiff also reported that Bryson: (1) refused to give her the women's bathroom key, preventing her access to the restroom at her worksite and forcing her to rely on public restrooms; (2) required her to take a drug test—even though she does not drive as part of her job—while white employees who do not drive were not required to undergo drug testing; and (3) instructed one of Defendant's employee's, Mustafa Battle ("Battle"), to follow her while she was working. (*Id.* ¶¶ 11(b)-(d).)

Plaintiff, Alexander, and Karen Brown ("Brown"), Defendant's Senior Director of Human Resources, met on September 22, 2022. (*Id.* ¶ 12.) During that meeting, Plaintiff again detailed her allegations of harassment and discrimination, and Brown stated that Defendant would investigate Plaintiff's complaints. (*Id.* ¶¶ 12-13.) Plaintiff, Alexander, and Brown again met on October 14, 2022. (*Id.* ¶ 14.) During that meeting, they "presented [Plaintiff] with a termination letter and severance package signed by Tom Farinaro" ("Farinaro"), Defendant's interim Market Vice President of Central Jersey. (*Id.*) Plaintiff refused to sign the termination letter, so Brown proposed that they meet again on October 16, 2022. (*Id.* ¶ 15.) Plaintiff, however, contracted COVID-19 and was sick from October 16, 2022, to October 31, 2022. (*Id.* ¶ 16.) On October 29, 2022, Plaintiff emailed a "Harassment and Complaint Form" detailing the allegations outlined above to Brown and Alexander. (*Id.* ¶ 17.) Plaintiff returned to work on November 1, 2022. (*Id.* ¶ 18.) "Immediately upon return, Bryson and LeVan Bryant[] ('Bryant')[, Defendant's] Route Supervisor, told [Plaintiff] to leave and stay off [Defendant's] property." (*Id.*) Plaintiff called Alexander and her

2

supervisor "multiple times over several days, but they did not respond." (*Id.* ¶ 19.) Plaintiff was not permitted back on Defendant's property or to return to work. (*Id.* ¶ 20.)

B.  **Procedural Background**

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 28, 2022, and received her Notice of Right to Sue from the EEOC on August 13, 2024. (*Id.* ¶ 9.) Plaintiff filed her Complaint on November 11, 2024, within ninety days of the issuance of the Notice of Right to Sue, asserting two claims for relief: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964 (the "CRA") ("First Cause of Action"); and (2) retaliation in violation of the New Jersey Law Against Discrimination (the "NJLAD") ("Second Cause of Action"). (Compl. ¶¶ 22-29.)

Defendant thereafter filed the instant Motion to Dismiss (Def.'s Mot. to Dismiss, ECF No. 8), Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 9), and Defendant replied (Def.'s Reply Br., ECF No. 12).

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure[2] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*,

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.    DISCUSSION

Defendant makes one argument in support of dismissing Plaintiff's Second Cause of Action: Plaintiff's NJLAD retaliation claim is barred because it falls outside of NJLAD's statute of limitations. (Def.'s Moving Br. 2-4, ECF No. 8-1.) Plaintiff contends that: (1) the claim is not time barred because she preserved her claim by timely filing her complaint with the EEOC; (2) dismissal of the claim would be unjust and inefficient; and (3) Defendant cannot show prejudice based on Plaintiff's filing of her claim ten days after the statute of limitations expired. (Pl.'s Opp'n Br. 2-5.)

At the outset, the Court notes that "[a] statute of limitations defense is usually unavailable in a motion to dismiss under . . . Rule . . . 12(b)(6), [but] an exception arises 'where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly

appears on the face of the pleading.'" *Hamza v. United Cont'l Holdings, LLC*, No. 19-8971, 2021 WL 3206814, at *7 (D.N.J. July 29, 2021) (second alteration in original) (quoting *County of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 649 (D.N.J. 2007)). "[T]he applicable statute of limitations is governed by state law," *Janiszewski*, 520 F. Supp. 2d at 649 (citation omitted), and under New Jersey law, "[t]he statute of limitations for NJLAD claims is two years[,]" *Langan v. Starbucks Corp.*, No. 23-5056, 2024 WL 3580760, at *3 (D.N.J. July 30, 2024).

Plaintiff argues that equitable tolling may apply here because she actively pursued her claims but was unable to file her Complaint on time due to administrative processes. (Pl.'s Opp'n Br. 2.) Plaintiff's argument, however, is incorrect. Under New Jersey law, equitable tolling is permitted where the plaintiff: (1) "has been induced or tricked by [her] adversary's misconduct . . ."; (2) has been "prevented . . . in some extraordinary way . . . from asserting [her] rights[;]" or (3) "has timely asserted [her] rights mistakenly by either defective pleading or in the wrong forum." *Langan*, 2024 WL 3580760, at *4 (quoting *Kates v. Bridgeton Police Dep't*, No. 10-6386, 2011 WL 6720497, at *9-10 (D.N.J. Dec. 21, 2011). Plaintiff does not allege or argue that she: (1) was tricked or induced by Defendant; (2) was prevented in some extraordinary way from asserting her rights; or (3) mistakenly filed in the wrong forum. (*See generally* Compl.; Pl.'s Opp'n Br.)

Moreover, "[t]he statute of limitations for an NJLAD claim is not tolled by a plaintiff's pursuit of a federal administrative claim before the EEOC." *Cascina v. Hackensack Univ. Med. Ctr.*, No. 19-17571, 2021 WL 4490249, at *4 (D.N.J. Oct. 1, 2021); *Brown v. R.R. Grp. Ltd. Liab. Co.*, No. 16-4602, 2017 WL 1365215, at *2 (D.N.J. Apr. 7, 2017) ("While a plaintiff may elect to seek redress administratively instead of, or prior to, seeking judicial redress, the statute of limitations for filing judicial claims is not tolled by the filing of an administrative claim."); *Taylor*

*v. Comput. Scis. Corp.*, No. 20-1848, 2022 WL 2046887, at *5 (D.N.J. June 6, 2022) (noting that "[t]he statute of limitations for NJLAD claims is not tolled by filing an administrative claim" and that "even if the EEOC had initiated a state charge on [the] plaintiff's behalf . . . [the] [p]laintiff would have been required to withdraw any administrative charge and file suit prior to the expiration of the two-year limitations period").

Here, the fact that Plaintiff decided to file an EEOC charge does not toll the statute of limitations on her NJLAD claim. *Cascina*, 2021 WL 4490249, at *4. Plaintiff was presented with a termination letter on October 14, 2022. (Compl. ¶ 14.) Plaintiff was subsequently told to leave and not return to Defendant's property on November 1, 2022. (*Id.* ¶ 18.) The statute of limitations, accordingly, began to run on or before November 1, 2022. *See Langan*, 2024 WL 3580760, at *4. The two-year statute of limitations on Plaintiff's NJLAD claim therefore expired on November 1, 2024. *Id.* Plaintiff filed her complaint on November 11, 2024, ten days after the statute of limitations expired. (*See generally* Compl.) Plaintiff's Second Cause of Action is thus time-barred and will be dismissed.

## IV.    CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted, and Plaintiff's Second Cause of Action is dismissed with prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: __2/17/2026__